UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20540-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SERGIO NEFTALI MEJIA DUARTE,

    Defendant.
    _____/

**ORDER ON DEFENDANT'S RENEWED MOTION TO LIMIT THE PRESENTATION OF EVIDENCE AT TRIAL PURSUANT TO THE EXTRADITION TREATY WITH HONDURAS**[1]

Presently pending before this Court is the Renewed Motion to Limit the Presentation of Evidence at Trial Pursuant to the Extradition Treaty with Honduras, ECF No. [31]. The Government has responded in opposition, ECF No. [42], and the Defendant has replied, ECF No. [47]. For the reasons set forth below, the undersigned denies the motion with respect to a limitation on the evidence that the government may introduce to prove the conspiracy offense for which the Defendant was extradited; and, grants the motion to the extent it requests the Court to limit the offense charged to a conspiracy that began on February 27, 2012.

    I.    **INTRODUCTION**

Defendant Sergio Neftali Mejia Duarte is charged in a one-count Indictment with conspiracy to distribute a controlled substance, intending that it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections

---

[1] To the extent that either party contends that this Motion should be resolved through a Report and Recommendation rather than an Order, the undersigned intends that it be treated as such. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object or appeal in writing prior to the trial or any other date established by the District Judge, in accordance with 28 U.S.C. § 636(b)(1), waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

959(a)(2) and 963.  The dates of the conspiracy alleged in the Indictment are from at least as early as 2006, and continuing through in or around June 2014, ECF No. [1].  The Indictment was returned on July 14, 2015; and Mr. Mejia Duarte initially appeared in this Court on October 26, 2017, following his extradition from Honduras.

As described in more detail below, the issue presented in the above motion concerns the effect of the extradition treaty and the order granting extradition on the evidence that can be presented at trial and the scope of the conspiracy for which Mr. Mejia Duarte can be tried.  Specifically, the Defendant contends that the extradition treaty and the order authorize his prosecution only for events that occurred after February 27, 2012, which is the date that Honduras amended its Constitution to permit the extradition of Honduran nationals, ECF Nos. [31] and [47].  The Defendant therefore contends, pursuant to the rule of specialty, that he may be tried only for crimes that occurred after that date, and the Government may only present evidence of events that occurred after February 27, 2012, ECF Nos. [31] and [47].

In response, the Government contends that the rule of specialty does not apply to the evidence that the Government may use to prove the crime with which the Defendant was charged; and, that since the extradition request submitted to the Honduran government was based on the charge contained in the Indictment, which spanned the time from 2006 through June 2014, the Government may convict him for events that occurred throughout the entire time frame, ECF No. [42].

II. **THE EXTRADITION TREATY AND ORDER OF EXTRADITION**

It is undisputed that the Extradition Treaty between the United States and Honduras, permits extradition to the United States for persons accused of narcotics trafficking offenses such as the offense charged in the case at bar, and that the Treaty was in effect prior to the time of the crime charged in the pending Indictment.  A copy of the extradition treaty is attached to the Government's Response in opposition to the

2

motion, ECF No. [42-1]. Pursuant to Article IV of that Treaty, a person cannot be tried for any crime or offense other than the one for which he was surrendered.

The Order granting extradition of Honduran Sergio Neftali Mejia Duarte, entered by the Extradition Court in Honduras, is attached to the Defendant's Reply, ECF No. [47-1].[2] That Order reflects that the United States is seeking extradition through the above-mentioned Treaty, and reviews the procedural history of the extradition process. It notes that the Defendant did not oppose extradition "if it goes conditioned to not be judged for crimes prior to the year 2012 of the entry into force of the constitutional reform that allows extradition and do not summit [sic] evidentiary elements, which may lead to a trial in that country," ECF No. [47-1] at 6. Under the section of the Order entitled, "Legal Basics," the Order states that it is appropriate to grant the extradition of Honduran citizen Sergio Neftali Mejia Duarte under certain Extradition conditions that are listed in the eighth part of that section, ECF No. [47-1] at 10-11, which include the following:

> 2. The Requiring State can only impute to Mr. SERGIO NEFTALI MEJIA DUARTE, facts that have been made after the Amendment to the Constitution that allows the Extradition of Hondurans, effective as of February 27, 2012. 3. Mr. SERGIO NEFTALI MEJIA DUARTE, may not be tried in the requesting State for crimes other than the accusation that motivated the request for extradition filed. (Article IV of the Extradition Treaty).

After stating the legal basis for extradition and the conditions, the Order grants extradition as follows:

> Granting the extradition presented by the United States of America, for the purpose of the Honduran SERGIO NEFTALI MEJIA DUARTE, to be tried in the district court of the United States of America, for the Southern District of Florida, for events that occurred after the February 27th, 2012, for the following charge: conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable

---

[2] It appears that certain pages of the Extradition Order may be missing from the copy filed with the Court; however, it does not appear that those pages contain any information material to the decision on the Defendant's motion. If there is any appeal or objection to this Order, the complete document must be filed.

> quantity of cocaine with knowledge that the cocaine would be illegally imported into the United States, in violation of Title 21 of the United States Code, sections 963, 959(a)(2) and 960(b)(1)(B) . . . .

ECF No. 47-1] at 11.

In sum, based on the foregoing, the undersigned concludes that the extradition Treaty between the United States and Honduras permits extradition for the charged offense; that prior to February 27, 2012, the Honduran government would not permit extradition of a Honduran citizen; and the Order granting extradition limited the offense for which extradition was granted to the date beginning on February 27, 2012.

### III. THE DOCTRINE OF SPECIALTY

The doctrine of specialty, sometimes referred to as the rule of specialty, was thoroughly explained by the Eleventh Circuit Court of Appeals in *United States v. Puentes*, 50 F.3d 1567 (11th Cir. 1995). In sum, a defendant who is extradited to the United States from another country may only be tried for those offenses for which the other nation granted extradition. *Id.* at 1572. In *Puentes*, the Court first ruled that a defendant who is brought to this country pursuant to an extradition treaty can challenge the government's charges on the grounds that they exceed what was permitted by the extraditing country in granting the request for extradition. The Court rejected the claim that once the defendant was in the United States, he could not challenge the decision to prosecute him for any available charges. Stated another way, a defendant is permitted to raise any objections that the country from which he was extradited could raise. *Id.* at 1575. The Court noted, however, that the extraditing country could preclude such a challenge by a defendant by waiving its right to object to a violation. *Id.* at 1575.

Reaching the merits of the defendant's challenge, the Court then ruled that even though the extradition of the defendant was granted based on an Indictment that charged a conspiracy to import cocaine from 1982 through 1988, the Government was permitted

4

to try the defendant based on a superseding Indictment that extended the date of the conspiracy through 1991. In reaching this result, the Court focused on the fact that the extradition order was based on the Uruguayan court's determination of the existence of probable cause to believe that the defendant had committed the conspiracy charged in the original indictment, and noted that the superseding Indictment had not materially altered the substance of the crime for which the defendant had been extradited. *Id.* at 1576. The Eleventh Circuit also squarely rejected the defendant's claim that an extradition order can limit the government's proof at trial: "Essentially, Puentes argues that a foreign court may limit the quantum of proof used to secure a conviction in an American court. This court previously rejected that argument when it held that 'the doctrine of specialty does not purport to regulate the scope of proof admissible in the judicial forum of the requisitioning state.' *United States v. Alvarez-Moreno*, 874 F.2d 1402, 1414 (11th Cir. 1989)." *Puentes*, 50 F.3d at 1576.

    IV.    <u>LEGAL ANALYSIS</u>

At the outset, the undersigned notes that, in its Response, the Government argued strenuously that the government of Honduras had extradited the Defendant on the charges in the Indictment, and that this Court should not second-guess the decision of the Honduran Court to extradite the Defendant on this Indictment. The Response, however, relied solely on the extradition treaty, and did not discuss the limiting language in the Order granting extradition. The undersigned finds that the limiting language in the Order granting extradition controls the disposition of this motion.

Applying the rationale of *Puentes* to the case at bar, it is clear that the Order granting extradition limited the extradition of its citizen, Defendant Mejia Duarte, to crimes that were committed after February 27, 2012. Thus, under the doctrine of specialty, Defendant Mejia Duarte may only be tried for a conspiracy beginning on that date. This case is different from *Puentes* because Honduras, unlike Uruguay in *Puentes*,

expressly limited the time frame of the crime for which it was granting the extradition of Mr. Mejia Duarte. To disregard this express limitation would result in a material change in the crime for which Mr. Mejia Duarte was extradited. This result appears consistent with the previous result in the related case of *United States v. Lobo*, No. 11-20358-CR-DPG, ECF No. [35] (S.D. Fla. Sept. 5, 2014), cited by the defendant, wherein the Government limited its factual proffer to the date of February 27, 2012 and thereafter, despite an Indictment charging a conspiracy that began in 2009.

This doctrine, however, does not restrict the evidence that the Government may introduce to prove that Mr. Mejia Duarte was involved in a conspiracy as of that date. In this regard, the Government may introduce evidence of prior activities of Mr. Mejia Duarte that would prove his involvement in the crime for which he was extradited. In this regard, the Government may introduce evidence of the prior activities only as proof of Mr. Mejia Duarte's involvement in the conspiracy as of February 12, 2012.

V. **CONCLUSION**

Based on the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** that the Defendant's Renewed Motion to Limit the Presentation of Evidence at Trial Pursuant to the Extradition Treaty with Honduras, ECF No. [31] is denied with respect to a limitation on the evidence that the government may introduce to prove the conspiracy offense for which the Defendant was extradited; and, is granted to the extent it requests the Court to limit the offense charged to a conspiracy that began on February 27, 2012.

**DONE AND ORDERED** in chambers in Miami, Florida on January 4, 2018.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**The Honorable K. Michael Moore, Chief United States District Judge**
**All counsel of record**